Kevin R. Martin (176853)
David M. Austin (215371)
**MARTIN APC**
1939 Harrison Street, Suite 290
Oakland, California 94612
510-444-7600 Phone
kevin@martinapc.com; david@martinapc.com

Attorneys for Debtors Sylvester Kaar and Linda Kaar

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In Re: | Case No. 09-41533 |
|---|---|
| **SYLVESTER SARDAY KAAR, and** | Chapter 13 |
| **LINDA SUAH KAAR,** | **ADVERSARY COMPLAINT** |
| Debtors. | |
| SYLVESTER SARDAY KAAR and LINDA SUAH KAAR | |
| v. | |
| WELLS FARGO BANK, N.A. also known as WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A. and formerly known as WACHOVIA MORTGAGE, FSB formerly known as WORLD SAVINGS BANK, FSB, ITS SUCCESSORS AND/OR ASSIGNS; and DOES 1-20, INCLUSIVE | |

PARTIES

1. At all times hereinafter mentions, plaintiffs Sylvestar Sarday Kaar and Linda Suah Kaar ("KAAR" or "Debtors") were and still are residents in Oakland, California in the Northern District of California.

2. Defendant WELLS FARGO BANK, N.A. ("WELLS") is a bank organized and existing under the laws of the United States and having a principal place of business

within this District.

3. On information and belief KAAR alleges that Defendant WELLS FARGO BANK, N.A. is also and has been sometimes known as WACHOVIA MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A. and formerly known as WACHOVIA MORTGAGE, FSB formerly known as WORLD SAVINGS BANK, FSB.

## JURISDICTION

4. The jurisdiction of this court is invoked pursuant to 28 USC 1334.

## FACTUAL CONTENTIONS

5. KAAR initiated their Chapter 13 bankruptcy case on February 27, 2009. As part of the estate in bankruptcy, KAAR identified their property at 3530 Kingsbrooke Court, Decatur, Georgia ("the Subject Property") and the mortgage on the Subject Property held with Defendant WELLS.

6. On November 15, 2013, KAAR applied to the Court for an order approving the loan modification process with WELLS. The Court granted the application and issued an order approving the modification process on November 18, 2013. WELLS was given notice of this Order.

7. In May of 2014, WELLS approved a modification of KAAR's loan secured by the Subject Property. Under the terms of the modification, KAAR would make monthly payments in the amount of $453.92. WELLS then accepted KAAR's monthly payments under this loan modification from November 2013 to September 2014. In September 2014, however, WELLS stopped accepting payment checks from KAAR instead indicating that some arrearage of the mortgage in the amount of $78,940.81 remained unsatisfied and that unless paid, WELLS would be moving forward with a foreclosure on the property.

CASE NO. 009-41533
Case: 09-41533    Doc# 171    Filed: 08/12/15    Entered: 08/12/15 12:26:37    Page 2 of 9

8. KAAR contacted WELLS to determine why the bank was rejecting their payments pursuant to the modification agreement. In November of 2014, despite its preceding conduct wherein it had agreed to and was accepting payments subject to the loan modification, WELLS informed KAAR that their loan modification agreement was ineffective because the Court had not issued an order approving the terms of the modification.

9. WELLS then informed KAAR that the Property would be foreclosed on because KAAR had failed to make payments.

10. KAAR notified WELLS directly and through its agent through its agent handling the foreclosure that they had received a loan modification through bankruptcy in California and had been making payments pursuant thereto. Despite this information, WELLS proceeded with the foreclosure sale.

11. KAAR's property was sold pursuant to foreclosure sale on February 3, 2015, destroying KAAR's substantial equity in the property in excess of $40,000.

**FIRST CLAIM FOR RELIEF**
**BREACH OF CONTRACT**
**(AGAINST WELLS)**

12. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 11, inclusive, as though fully set forth herein.

13. At all times relevant herein, WELLS acting as KAAR's lender and loan servicer, had a duty to exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of loan records, including, but not limited, accurate crediting of payments made by KAAR and compliance with the loan modification reached and agreed to under the bankruptcy.

14. In taking the actions alleged above, and in failing to take the actions as alleged above, the WELLS breached their duty of care and skill to KAAR in the servicing of KAAR's loan by, among other things, failing to properly and accurately credit payments made by KAAR toward the loan, preparing and filing false documents, and foreclosing on the Subject Property without having the legal authority and/or proper documentation to do so and in contravention to the loan modification reached and agreed to under the bankruptcy.

15. As a direct and proximate result of the negligence and carelessness of WELLS as set forth above, KAAR suffered general and special damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
## FRAUD
## (AGAINST WELLS)

16. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 11, inclusive, as though fully set forth herein.

17. During the time wherein WELLS was servicing KAAR's loan, WELLS engaged in a pattern and practice of defrauding KAAR in that, during the life of the mortgage loan, WELLS failed to properly credit payments made and foreclosed on the Subject Property based on KAAR's alleged non-payment and/or arrears in payment all of which WELLS knew to be false.

18. WELLS had actual knowledge that the KAAR's account was not accurate but that WELLS could use the inaccuracy to foreclose on the Subject Property which had substantial equity, to recover its excessive fees, charges and interest.

19. Additionally, WELLS concealed material facts known to them but not to KAAR regarding payments, notices, assignments, transfers, late fees and charges with the

intent to defraud Plaintiffs.

20. WELLS made the above-referenced false representations, concealments and non-disclosures with knowledge of the misrepresentations, intending to induce KAAR's reliance, which the unsuspecting KAAR justifiably relied upon, resulting in damage to their credit standing, costs and loss of their property.

21. As a result of WELLS fraudulent conduct, KAAR has suffered compensatory, general and special damages in an amount according to proof. Additionally, WELLS acted with malice, fraud and/or oppression in doing the actions alleged herein and, thus, KAAR is entitled to an award of punitive damages.

**THIRD CLAIM FOR RELIEF**
**BREACH OF GOOD FAITH AND FAIR DEALING**
**(AGAINST WELLS)**

22. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 11, inclusive, as though fully set forth herein.

23. Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. This implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement. The covenant implies that in all contracts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose. This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

24. WELLS did not act in good faith and did not deal fairly with KAAR in connection with the note and deed of trust when they refused to properly apply the timely payments to the loan, refused to honor the loan modification agreement previously

reached with respect to the Subject Property, and thereafter foreclosed on the Subject Property even though KAAR provided proof of payments, financials, and all other documents necessary for WELLS to resolve any disputes in an equitable fashion.

25. WELLS enjoyed substantial discretionary power affecting the rights of KAAR during the events alleged herein and was required to exercise such power in good faith.

26. WELLS engaged in such conduct to drive KAAR into foreclosure so that WELLS could acquire the Subject Property with its substantial equity at a bargain basement price. These actions were a bad faith breach of the contract between KAAR and WELLS which show that they had no intention of performing the contract, consisting of the original note and deed of trust, and the loan modification in good faith.

27. As a result of the WELLS' breaches of this covenant, KAAR has suffered general and special damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION FOR UNJUST ENRICHMENT (AGAINST WELLS)

28. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 11, inclusive, as though fully set forth herein.

29. By their wrongful acts and omissions, WELLS has been unjustly enriched at the expense of KAAR, and thus KAAR has been unjustly deprived.

30. By reason of the foregoing, KAAR seeks restitution from WELLS, and an order of this Court disgorging all profits, benefits, and other compensation obtained by WELLS from their wrongful conduct.

# FIFTH CAUSE OF ACTION FOR
# VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE
# SECTIONS 17200 ET SEQ.
# (AGAINST WELLS)

31. Plaintiffs incorporate herein by reference the allegations made in paragraphs 1 through 11, inclusive, as though fully set forth herein.

32. California Business & Professions Code Section 17200, et seq., prohibits acts of unfair competition, which means and includes any "fraudulent business act or practice . . ." and conduct which is "likely to deceive" and is "fraudulent" within the meaning of Section 17200.

33. As more fully described above, WELLS' acts and practices are likely to deceive, constituting a fraudulent business act or practice.

34. Specifically, WELLS engaged in deceptive business practices with respect to mortgage loan servicing, assignments of notes and deeds of trust, foreclosure of residential properties, loan modifications, and related matters by:

   (a) Assessing improper or excessive late fees;

   (b) Improperly characterizing customers' accounts as being in default or delinquent status to generate unwarranted fees;

   (c) Instituting improper or premature foreclosure proceedings to generate unwarranted fees;

   (d) Misapplying or failing to apply customer payments;

   (e) Failing to provide adequate monthly statement information to customers regarding the status of their accounts, payments owed, and/or basis for fees assessed;

   (f) Mishandling borrowers' mortgage payments and failing to timely or properly credit payments received, resulting in late charges, delinquencies or default;

   (g) Treating borrowers as in default on their loans even though the borrowers

have tendered timely and sufficient payments or have otherwise complied with mortgage requirements, loan modifications, or California law;

35. The foregoing acts and practices have caused substantial harm to California consumers.

36. As a direct and proximate cause of the unlawful, unfair and fraudulent acts and practices of WELLS, KAAR and California consumers have suffered and will continue to suffer damages in the form of unfair and unwarranted late fees, loan fees, and unwarranted foreclosures.

37. By reason of the foregoing, WELLS has been unjustly enriched and should be required to disgorge their illicit profits and/or make restitution to KAAR and other California consumers who have been harmed, and/or be enjoined from continuing in such practices pursuant to California Business & Professions Code Sections 17203 and 17204. Additionally, KAAR is therefore entitled to injunctive relief and attorney's fees as available under California Business and Professions Code Sec. 17200 and related sections.

**PRAYER FOR RELIEF**

Wherefore, KAAR pray for judgment against the WELLS and each of them, jointly and severally, as follows:

1. For compensatory, special, general and punitive damages according to proof against all defendants.

2. Pursuant to Business and Professions Code § 17203, that all Defendants, their successors, agents, representatives, employees, and all persons who act in concert with them be permanently enjoined from committing any acts of unfair competition in violation of § 17200,

including, but not limited to, the violations alleged herein.

3. For civil penalties pursuant to statute, restitution, injunctive relief and reasonable attorneys fees according to proof.

4. For reasonable costs of suit and such other and further relief as the Court deems proper.

Date: August 12, 2015

_____
Kevin R. Martin
Attorneys for Debtors/Plaintiffs
SYLVESTER SARDAY KAAR
and LINDA SUAH KAAR